# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Walter L. HOSLEY,<br><br>       Petitioner,<br><br>v.<br><br>Sandra ALFARO,<br><br>       Respondent. | Case No.: 15-cv-0877-JAH-AGS<br><br>**REPORT AND RECOMMENDATION TO DENY HOSLEY'S PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 12)** |

  Hosley was found guilty of multiple felonies including robbery and sentenced to more than twenty years in custody. He now seeks a writ of habeas corpus. Although his petition is timely, it is without merit. His counsel's allegedly deficient performance caused no prejudice.

## **BACKGROUND**

  In the state trial court, the victim testified as an eyewitness and implicated Hosley. To impeach the victim, Hosley's counsel attempted to offer into evidence an article from a motorcycle magazine about the victim's reputation for dishonesty which did not cite sources. The trial judge found that the magazine was inadmissible under California Evidence Code § 352 because it lacked foundation and was unduly prejudicial. (ECF

1

No. 21-1, at 14.) Instead, Hosley's counsel impeached the victim in cross-examination with prior, inconsistent, and contradictory testimony. (ECF No. 22-9, at 7-8.)

At trial, Hosley's counsel argued that the victim eyewitness identification was mistaken but failed to request a California standard jury instruction—CALCRIM No. 315—concerning eyewitness identification. (ECF No. 12, at 8-9.)

In this petition, Hosley argues: (1) counsel provided ineffective assistance by failing to object on confrontation grounds to the trial court's refusal to admit the magazine as evidence; and (2) counsel provided ineffective assistance by failing to request a CALCRIM No. 315 instruction.

## DISCUSSION

### A. Timeliness

Initially, respondent asserts Hosley's petition is barred by the statute of limitations. Habeas corpus petitions carry a one-year period of limitation. 28 U.S.C. § 2244(d). Here, the applicable accrual date would be "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The time for seeking review includes the ninety-day period for seeking certiorari with the Supreme Court of the United States. *Brown v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The California Supreme Court denied review of Hosley's petition on July 30, 2014, so judgment became final ninety days later, on October 28, 2014. Thus, absent any tolling provisions, the latest date which Hosley could file a timely petition would be October 29, 2015.

Hosley filed his first federal habeas corpus petition on April 17, 2015. (ECF No. 1.) On May 4, 2015, the Court dismissed his petition without prejudice for procedural errors, with leave to amend through June 6, 2015. (ECF No. 2, at 4-9.) On June 1, 2015, he filed a request to proceed *in forma pauperis* and moved for an extension of time. The motion was granted, which extended the time to file his amended petition to August 11, 2015.

He filed another request for extension on July 30, 2015, and a third on October 16, 2015. The latter request was for an extension up to and including

December 5, 2015. This Court did not rule on those motions, and Hosley filed his amended petition on December 6, 2015, which was to be filed *nunc pro tunc* pending the time extension motions. On December 18, 2015, this Court granted both motions for time extension and reopened the case. Although his amended petition was filed after the statute of limitations had run, a federal court's extension of time beyond the statutory deadline will toll the limitation period. *Sossa v. Diaz*, 729 F.3d 1225, 1237 (9th Cir. 2013). Thus, Hosley's amended petition for a writ of habeas corpus is timely.

**B. Grounds for Petition**

In Hosley's petition, he argues his Sixth Amendment right to effective counsel was violated when his attorney (i) did not object to the exclusion of a magazine article from evidence and (ii) failed to request an instruction under CALCRIM No. 315 be given to the jury. (ECF No. 12.) Pursuant to 28 U.S.C. 2254(d), a writ of habeas corpus shall not be granted unless the state court unreasonably applied clearly established federal law as determined by the U.S. Supreme Court. To establish that counsel was ineffective, petitioner must show his attorney's conduct was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 691 (1984). For an alleged error to be prejudicial, petitioner must affirmatively prove there is a reasonable probability the result would have been different had the error not been made. *Id.* at 693-94. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter,* 562 U.S. 86, 113 (2011).

*1) Failure to Object under the Confrontation Clause*

Although the Court believes this claim is actually a claim of an erroneous evidentiary ruling, both Hosley and the state court treated it as a Confrontation Clause claim. This Court will deal with it as such.

A defendant's right to confront adverse witnesses is fundamental. *Pointer v. Texas,* 380 U.S. 400, 403 (1965). However, the Confrontation Clause guarantees a defendant the opportunity to effectively cross-examine the witness, "not cross-examination in whatever way, and to whatever extent, the defense might wish." *United States v. Owens,* 484 U.S. 554, 559 (1988). On appeal, the state court ruled that if Hosley's attorney had objected to

the exclusion of the evidence on Confrontation Clause grounds, the objection would have been overruled because there was other admissible evidence which would have allowed the witness to be confronted regarding his veracity. (ECF No. 22-9, at 20.) Indeed, defense counsel confronted the witness regarding his contradictory statements and attempted to impeach him. (*Id.*) Therefore, defense counsel had the opportunity for an effective cross-examination. Thus, this Court finds the application of *Strickland* by the state court of appeals was not only reasonable but was correct.

### 2) Failure to Request CALCRIM No. 315

Hosley's second claim of ineffective assistance of counsel is based on the failure to request a jury instruction regarding eyewitness identification, CALCRIM No. 315. This issue was raised in Hosley's state collateral attack, but the California court of appeals denied his petition without analysis. When the state court does not supply reasoning for its decision, "an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law." *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

Hosley argues that his attorney's failure to request the eyewitness jury instruction was prejudicial because the prosecution's case was based on the victim's eyewitness identification.

CALCRIM No. 315 provides for instructions to guide the jury in determining the reliability of the eyewitness's identification such as the "circumstances affecting the witness's ability to observe," how the "description compare[d] to the defendant," and whether "the witness ever fail[ed] to identify the defendant." The instructions the state trial court gave were similar to CALCRIM No. 315 in many respects including circumstances and conditions, accuracy, and consistency. (*See* ECF No. 22-5, at 189-90.) In fact, those instructions included additional factors which were favorable to Hosley such as personal "bias or prejudice" and "personal interest in how the case is decided." (*See Id.*) Hosley argues that because CALCRIM No. 315 leans in his favor, the failure to request was prejudicial *per se*. However, multiple CALCRIM No. 315 factors would have been

4

unfavorable to Hosley because "the witness kn[e]w or ha[d] contact with the defendant before the event" and very little "time passed between the event and the time when the witness identified the defendant."

In any event, the evidence against Hosley was overwhelming, and the failure to request CALCRIM No. 315 was not prejudicial. The prosecution provided evidence to corroborate the victim's eyewitness identification such as U-Haul rental information which showed Hosley had rented a truck during the time of the robbery, tools with the victim's initials in Hosley's garage, and video which showed Hosley pawned tools identified as the victim's. (ECF 22-9, at 3-4.) If the jury had been given the instruction, there is not a substantial likelihood the result of the case would have changed.

In support of his argument, Hosley cites *Palmer,* a California appellate court case. In *Palmer,* the Court ruled that the failure to request CALCRIM No. 315 was prejudicial because the identification was uncorroborated. *People v. Palmer*, 154 Cal. App. 3d 79, 83 (1984). Even if state law were determinative, this case is distinguishable in that there is ample evidence corroborating the identification of Hosley.

Consequently, the failure to request CALCRIM No. 315 was not prejudicial, and no cognizable ineffective assistance claim exists.

5

15-cv-0877-JAH-AGS

## **CONCLUSION**

Thus, the Court recommends Hosley's petition for writ of habeas corpus be denied. Additionally, because no reasonable jurist would consider this conclusion "debatable or wrong," the Court recommends no certificate of appealability issue. *See Robertson v. Pichon*, 849 F.3d 1173, 1187 (9th Cir. 2017) (citation omitted).

The parties may file written objections within 14 days of service of this report. Failure to file objections may result in a waiver of those objections on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: August 9, 2018

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE