# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HOSLEY,<br><br>                Petitioner,<br><br>v.<br><br>SANDRA ALFARO,<br><br>                Respondent. | Case No.: 15cv0877-JAH (AGS)<br><br>**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. No. 40) AND DENYING PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 12)** |

## **INTRODUCTION**

      This matter comes before the Court on Report and Recommendation (the "Report") from the Honorable Clinton E. Averitte, United States Magistrate Judge, filed pursuant to 28 U.S.C. § 636(b)(1). See Doc. No. 40 (recommending that this Court deny Petitioner Walter Hosley's ("Petitioner") First Amended Petition for Writ of Habeas Corpus). After careful consideration of the entire record, and for the reasons set forth below, this Court **ADOPTS** Judge Averitte's Report (Doc. No. 40) in its entirety and **DENIES** Petitioner's amended habeas petition.

//

//

# BACKGROUND

In state court, Petitioner's counsel moved to admit a magazine into evidence to impeach an eyewitness, but the state trial judge determined the magazine was unduly prejudicial and lacked foundation. No. 21-1 at pg. 14. At trial, Petitioner's counsel did not request a California jury instruction addressing eyewitness identification, CALCRIM No. 315. Doc. No. 12 at pgs. 8, 9. Petitioner was found guilty and received a sentence of more than twenty years in custody.

On April 17, 2015, Petitioner filed his federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. Respondent filed a response to the petition on July 11, 2016. Doc. No. 21. Petitioner filed a reply on September 9, 2016. Doc. No. 31.

Petitioner filed his Amended Petition for Writ of Habeas Corpus on December 17, 2015 pursuant to 28 U.S.C. § 2254. Doc. No. 12. In his Petition, Hosley alleges that his Sixth Amendment right to effective counsel was violated at trial. Id. Specifically, Petitioner argues: (1) counsel failed to object to the exclusion of the magazine article from evidence; and (2) counsel failed to request a CALCRIM No. 315 instruction. Id.

On August 9, 2018, the Honorable Clinton E. Averitte, United States Magistrate Judge, issued the Report addressing the motion and recommended this Court deny Petitioner's petition for writ of habeas corpus. Doc. No. 40 at pg. 6. Objections to the Report were due within 14 days of service of the Report. Id. No objections have been made.

# DISCUSSION

## I. Legal Standard

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the court "shall make a de novo determination of those portions of the report…to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. The party objecting to the magistrate judge's findings and recommendation bears the responsibility of specifically setting forth which of the

magistrate judge's findings the party contests. See Fed. R. Civ. P. 72(b). It is well-settled, under Rule 72(b), that a district court may adopt those portions of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985).

When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation. See Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (stating that "*de novo* review of a [magistrate judge's report and recommendation] is only required when an objection is made"); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise"). This rule of law is well established within the Ninth Circuit and this district. See Hasan v. Cates, No. 11-cv-1416, 2011 WL 2470495 (S.D. Cal. June 22, 2011) (Whelan, T.) (adopting in its entirety, and without review, a report and recommendation because neither party filed objections to the report despite having the opportunity to do so); accord Ziemann v. Cash, No. 11-cv-2496, 2012 WL 5954657 (S.D. Cal. Nov. 26, 2012) (Benitez, R.); Rinaldi v. Poulos, No. 08-cv-1637, 2010 WL 4117471 (S.D. Cal. Oct. 18, 2010) (Lorenz, J.).

//
//
//
//
//
//
//
//
//
//
//

## CONCLUSION

Here, the record reflects that no party filed objections to the Report. Thus, in the absence of any objections, the Court **ADOPTS** the Report. For the reasons stated in the Report, which are incorporated herein by reference, Petitioner's Amended Petition for Writ of Habeas (Doc. No. 12) is **DENIED**. The Clerk of Court shall enter judgment reflecting the foregoing.

**IT IS SO ORDERED.**

DATED: 10/22/2018

_____
JOHN A. HOUSTON
United States District Judge