UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HOSLEY,<br><br>                                   Petitioner,<br><br>v.<br><br>SANDRA ALFARO,<br><br>                                   Defendant. | Case No.:  15cv00877 JAH-AGS<br><br>**ORDER DENYING PETITIONER'S MOTION TO STAY; DENYING PETITIONER'S MOTION TO AMEND; OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE REPORT AND RECOMMENDATION [Doc. Nos. 40, 54, 56, 63, 66]** |

**INTRODUCTION**

After a jury found Petitioner guilty of one count of robbery and two counts of burglary, the trial court sentenced Petitioner to 21 years and four months imprisonment. Lodg. 5 at 5 (Doc. No. 22-9).  Following his unsuccessful appeal and state collateral challenges, Petitioner filed a writ of habeas corpus under 28 U.S.C. section 2254.  *See* Amended Petition at 6 (Doc. No. 12).  The Honorable Clinton E. Averitte, United States Magistrate Judge, submitted a Report and Recommendation ("Report") to this Court recommending denial of the petition.  *See* Doc. No. 40.  Neither party filed objections and this Court adopted the Report.  *See* Doc. No. 44.

In response, Petitioner filed a motion for relief from judgment and a notice of appeal. *See* Doc. Nos. 41, 44, 45.  The Ninth Circuit Court of Appeals held the appeal in abeyance

1

pending the Court's decision on Petitioner's motion for relief from judgment.  This Court granted Petitioner's motion and provided him another opportunity to file objections to the Report.

Petitioner filed objections and, later, filed a motion for stay and abeyance and a motion to amend his petition.  *See* Doc. Nos. 54, 56, 63, 66.  For the reasons set forth below, the Court DENIES Petitioner's motion for stay and abeyance as moot, DENIES Petitioner's motion to amend and OVERRULES Petitioner's objections and ADOPTS the Report.

**DISCUSSION**

**I.  Motion for Stay and Abeyance**

Petitioner filed a motion to stay the petition while he exhausted an additional ground for habeas relief.  Because Petitioner provides documentation to demonstrate he exhausted and now seeks to amend his petition to add the new ground, his motion to stay is DENIED as moot.

**II.  Motion to Amend**

Petitioner seeks to amend his petition to add another ground for relief.  Habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242.  A party may amend a pleading once as a matter of course within 21 days after serving a pleading or 21 days after service of a responsive pleading or motion and may otherwise amend by leave of court.  FED. R. CIV. P. 15(a).  Granting leave to amend rests in the sound discretion of the trial court.  International Association of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985).  This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits.  DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  Even though leave to amend is generally granted freely, it is not granted automatically.  *See Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  Four factors are considered when a court determines whether to allow amendment of a pleading.  These are prejudice to the opposing party, undue delay,

2

bad faith, and futility. *See DCD Programs*, 833 F.2d at 186; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

Petitioner seeks to amend his petition to add a new ground for habeas relief asserting he was denied due process of law when the state court denied application of California Senate Bill 1393. Notwithstanding his reference to due process, a review of his motion to amend demonstrates he is solely challenging the state court's application of California law which is not cognizable on federal habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Petitioner's passing reference to due process does not transform his state law claim into a cognizable federal claim. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Because his proposed additional ground for relief is not cognizable, amendment of the petition is futile. Accordingly, Petitioner's motion to amend is DENIED.

## III.  Petitioner's Objections

### A.  Legal Standard

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. section 636(b)(1). Under this statute, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." *Id.*

### B.  Analysis

In seeking federal habeas relief, Petitioner asserts he was denied effective assistance of counsel when (1) his trial attorney failed to object on confrontation grounds to the trial court's refusal to allow counsel to impeach a witness with a magazine addressing the witness's reputation and (2) failed to request a CALCRIM No. 315 instruction.

#### 1.  Confrontation Clause

Trial counsel sought to impeach the victim witness with a magazine article which included a description of the victim based on his business dealings but the trial court denied

the request.  Lodge. 2 at 28-30 (Doc. No. 22-3).  Petitioner asserts trial counsel was ineffective when he failed to object to the denial on confrontation clause grounds.

The California Court of Appeal found the magazine article which discussed the victim witness's reputation in the motorcycle community was only collateral to the case and trial counsel had ample opportunity to impeach the witness and cross-examination did reveal inconsistencies in the witness's statements.  The court determined there was no violation of the confrontation clause.  In denying Petitioner's habeas corpus petition, the Court of Appeal determined that Petitioner failed to demonstrate a reasonable probability the jury would have found reasonable doubt had counsel challenged the denial on confrontation grounds.  Lodge. 10 at 2 (Doc. No. 22-14).

Relying on *United States v. Owens*, 484 U.S. 554, 559 (1988), Judge Averitte reasoned that the confrontation clause does not give a defendant the right to cross-examine a witness in any way he wishes and found trial counsel confronted the victim witness on his contradictory statements and attempted to impeach him.  Judge Averitte determined, the state court's application of *Strickland v. Washington,* 466 U.S. 668, 691 (1984) was not unreasonable.

Petitioner objects to the findings pointing to various inconsistencies in the victim witness's statements.  Counsel's cross-examination of the witness revealed the inconsistencies of the witness's various statements and provided Petitioner the opportunity to impeach the witness.  As noted by Judge Averitte and the Court of Appeals, "[t]he Confrontation Clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'"  *Owens*, 484 U.S. at 559 (citing *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987).  Additionally, Petitioner fails to demonstrate that but for counsel's failure to object, there is a reasonable probability the jury would have reached a different verdict.  *See Strickland*, 466 U.S. at 694.  Accordingly, counsel's failure to object to the trial court's denial of his request to impeach the witness with the magazine on confrontation clause grounds did not deny Petitioner effective assistance of counsel.  This Court, therefore,

1   agrees the state court's denial of the claim was neither contrary to nor an unreasonable

2   application of clearly established Supreme Court law nor based on an unreasonable

3   determination of the facts.  Petitioner's objection is overruled and the Court adopts Judge

4   Averitte's recommendation to deny this claim.

5   **2.  CALCRIM No. 315 instruction**

6          Petitioner argues counsel was ineffective for failing to request the trial court give

7   jury instruction CALCRIM No. 315 because eye witness identification was a critical and

8   contested issue at trial.   The Court of Appeal did not address the argument in the opinion

9   denying Petitioner's appeal.  However, in the denial of his petition for a writ of habeas

10  corpus, the Court of Appeal determined Petitioner failed to demonstrate a reasonable

11  probability the jury would have found reasonable doubt had counsel requested the court

12  give the instruction.  Lodge. 10 at 2 (Doc. No. 22-14).

13         Noting the Court of Appeal did not address the issue in Petitioner's direct appeal,

14  Judge Averitte conducted an independent review and found the trial court gave instructions

15  similar to CALCRIM No. 315 that included factors which were favorable to Petitioner such

16  as "personal bias or prejudice" and "personal interest in how the case is decided."  Although

17  Petitioner argued failure to give the instruction was per se prejudicial, Judge Averitte

18  determined some CALCRIM No. 315 factors would have been unfavorable to Petitioner

19  because the witness knew or had contact with Petitioner before the event and very little

20  time passed between the event and the time when the witness identified Petitioner.

21  Additionally, Judge Averitte found because the evidence against Petitioner, which included

22  U-Haul rental information showing Petitioner rented a truck during the time of the robbery,

23  tools with the victim's initials in Petitioner's garage, and video which showed Petitioner

24  pawned tools identified as belonging to the victim, was overwhelming, the failure to

25  request CALCRIM No. 315 was not prejudicial.  Judge Averitte determined there is not a

26  substantial likelihood the result of the case would have changed if the court gave the jury

27  the instruction.   Judge Averitte also found the state law case Petitioner relies upon

28

distinguishable because, unlike the case cited by Petitioner, there was significant evidence to corroborate the identification in Petitioner's trial.

Petitioner objects.  He points to factors in CALCRIM No. 315 he deems favorable. He also maintains *People v. Palmer*, 154 Cal.App.3d 79, 89 (1984), the case distinguished by Judge Averitte, supports that only an instruction such as CALCRIM No. 315 can protect a defendant when eyewitness identification is an issue at trial.

This Court agrees with Judge Averitte that there is no substantial likelihood the result of case would have changed in light of the overwhelming evidence of Petitioner's guilt. Accordingly, Petitioner fails to demonstrate ineffective assistance of counsel.  The Court overrules Petitioner's objections and adopts Judge Averitte's recommendation to deny this ground for relief.

**C.  Evidentiary Hearing**

In his objections, Petitioner requests a hearing.  The Court finds Petitioner is not entitled to an evidentiary hearing.  *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1.    Petitioner's motion for stay and abeyance (Doc. No. 56) is **DENIED as moot**.

2.    Petitioner's motion to amend his petition (Doc. Nos. 63, 66) is **DENIED**.

3.    Petitioner's objections to the Magistrate Judge's report and recommendation are **OVERRULED.**

4.    The Magistrate Judge's report and recommendation is **ADOPTED.**

5.    The petition is **DENIED** in its entirety.

DATED:    November 30, 2020

_____
JOHN A. HOUSTON
United States District Judge